FILED
2014 Jan-08  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| BALCH & BINGHAM LLP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| CENTERS FOR MEDICARE AND | ) | |
| MEDICAID SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Balch & Bingham LLP ("Plaintiff") files this action against the Centers for Medicare and Medicaid Services ("CMS" or "Defendant") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As set forth below, CMS has violated FOIA by ignoring two information requests filed by Plaintiff approximately 15 months ago (the "FOIA Requests"). CMS has offered no substantive response whatsoever either to the FOIA Requests or to Plaintiff's administrative appeals of CMS's lack of response. Therefore, Plaintiff seeks an Order from this Court (1) finding that CMS has violated its duties under FOIA; (2) requiring CMS to promptly produce all records responsive to the FOIA Requests; (3) enjoining CMS from assessing any fees associated with CMS's response to the FOIA Requests; and (4) awarding to Plaintiff attorneys' fees and costs associated with this action.

**PARTIES**

1.     Plaintiff Balch & Bingham LLP is a limited liability partnership with its principal office located in Birmingham, Alabama.

2.     Defendant CMS is a component of the United States Department of Health and Human Services ("DHHS") and is itself an agency of the United States within the meaning of 5 U.S.C. § 552(f) with its headquarters in Baltimore, Maryland.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) (providing that "the district court of the United States in the district in which the complainant resides, or has his principal place of business . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.").  This Court also has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction).

4.     Venue is proper in this forum pursuant to 5 U.S.C. § 552(a)(4)(B).

## LEGAL BACKGROUND

5.     FOIA provides that "each agency, upon any request for records [that] (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).

6.     FOIA further provides that "[e]ach agency, upon any request for records . . . shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and the right of such person to appeal to the head of the agency any adverse determination[.]"   5 U.S.C. § 552(a)(6)(A)(i).

7.      FOIA requires each agency to produce all information responsive to a request unless the information qualifies for one of the nine enumerated exemptions under FOIA.  *See* 5 U.S.C. § 552(b)(1)-(9).  However, FOIA and case law clearly provide that "the burden is on the agency to sustain its action" to withhold records pursuant to a FOIA exemption.  *Id*. § 552(a)(4)(B); *see also Department of State v. Ray*, 502 U.S. 165, 173 (1991) (explaining that it is the agency's burden "to justify the withholding of any requested documents").

8.      If an agency determines that a responsive record contains information that is exempt from mandatory disclosure under one of the enumerated FOIA exemptions, FOIA provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt" and that "[i]f technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record where such deletion is made."  5 U.S.C. § 552(b).

9.      FOIA further provides that "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph").  5 U.S.C. § 552(a)(6)(C)(i).

10.     DHHS implementing regulations specify that all DHHS component agencies "will decide whether to release records within 10 working days after [an information] request reaches the appropriate FOI office[.]"  45 C.F.R. § 5.35(2)(1).

11.     DHHS regulations further state that its component agencies "will decide an appeal within 20 working days after the appeal reaches the appropriate review official."  45 C.F.R. § 5.35(2)(2).

12.     DHHS regulations acknowledge that "FOIA sets certain time limits for [DHHS agencies] to decide whether to disclose the records . . . requested, and to decide appeals. If [DHHS] fail[s] to meet the deadlines, [the requester] may proceed as if [DHHS] had denied [the] request or [the] appeal." *Id*. § 5.35(1).

## FACTUAL BACKGROUND

13.     On October 3, 2012, Plaintiff submitted to CMS two separate FOIA requests, each dated October 2, 2012.  One request sought certain information relating to coverage of certain prescription drugs under the Medicare Part D program ("Request One," attached hereto as **Exhibit A**).  Specifically, Request One sought

> (1) Statements of policy, guidance, determinations, interpretations, conclusions, final opinions, orders made in the adjudication of an administrative case or other matter, recommendations made either within or outside the components of DHHS, staff manuals and instructions to staff, and any other similar record relating to coverage of, and the reimbursement of Federal money for, compounded drugs, both generally and as to any particular drug, under the Medicare Part D program;

> (2) Any and all instances of implementation or application of Federal law or policy concerning coverage of, and the reimbursement of Federal money for, compounded drugs under the Medicare Part D program to any particular case, inquiry, case study, inquiry, or other matter, and any particular individual, drug, pharmaceutical company, drug manufacturer, distributor, or other merchant;

> (3) Statements of policy, guidance, determinations, interpretations, conclusions, final opinions, orders made in the adjudication of an administrative case or other matter, recommendations made either within or outside the components of DHHS, staff manuals and instructions to staff, and any other similar record relating to coverage of, and the reimbursement of Federal money for, bulk powder drugs, both generally and as to any particular drug, under the Medicare Part D program; and

> (4) Any and all instances of implementation or application of Federal law or policy concerning coverage of, and the reimbursement of Federal money for, bulk powder drugs under the Medicare Part D program to any particular case, inquiry, case study, inquiry, or other matter, and any particular individual, drug, pharmaceutical company, drug manufacturer, distributor, or other merchant.

*See* Ex. A at 1-2.  To aide CMS in interpreting and applying the categories of information sought

in Request One, Plaintiff provided specific definitions of the terms "compounded drug" and

"bulk powder drug" as those terms were to be used in responding to Request One.  *Id.* at 2.

Plaintiff authorized CMS to incur up to $300 in costs before additional cost assurance was

needed.  *Id.* at 3.

14.     The second FOIA request submitted by Plaintiff to CMS on October 2, 2012

("Request Two," attached hereto as **Exhibit B**), sought

> [a]ny and all communications and correspondence between CMS,
> including all CMS employees, agents and representatives, and any Part D
> sponsor, including the employees, agents and representatives thereof,
> concerning coverage of, and the reimbursement of Federal money for,
> compounded drugs and/or bulk powder drugs under the Medicare Part D
> program.

Ex. B at 1.  As in Request One, Plaintiff provided in Request Two specific definitions for the

terms "compounded drug" and "bulk powder drug" to be used by CMS in responding to Request

Two.  *Id.*  Plaintiff authorized CMS to incur up to $300 in costs before additional cost assurance

was needed.  *Id.* at 2.

15.     According to CMS's FOIA status webpage, both Request One and Request Two

were "received" on October 10, 2012.

16.     Approximately one week after CMS received Request One and Request Two,

Plaintiff received two letters, each dated October 11, 2012, from CMS acknowledging CMS's

receipt of Request One and Request Two, respectively.

17.     One letter indicated that "[Plaintiff's] Freedom of Information Act . . . request

dated 10/2/2012" was being assigned "Control Number 101020127087 and PIN SCRZ" but did

not indicate whether the letter pertained to Request One or Request Two."  ("Acknowledgment

Letter One," attached hereto as **Exhibit C**).  A subsequent search on CMS's website under the

control number and PIN provided in Acknowledgment Letter One revealed that Acknowledgment Letter One pertained to Request One.

18.     The other letter from CMS dated October 11, 2012, indicated that "[Plaintiff's] Freedom of Information Act . . . request dated 10/2/2012" was being assigned "Control Number 101020127088 and PIN WXYW" but in no way indicated whether the letter pertained to Request One or Request Two.  ("Acknowledgment Letter Two," attached hereto as **Exhibit D**).   A subsequent search on CMS's website under the control number and PIN provided in Acknowledgment Letter Two revealed that Acknowledgment Letter Two pertained to Request Two.

19.     Plaintiff received no further correspondence from CMS concerning either Request One or Request Two after Acknowledgment Letter One and Acknowledgment Letter Two.

20.     CMS never notified Plaintiff whether CMS required an extension up to the maximum of ten additional working days due to "unusual circumstances."  *See* 45 C.F.R. § 5.35(c).

21.     CMS's deadline under the DHHS FOIA regulations for responding to Requests One and Two expired on or around October 25, 2012.

22.     In the months following Plaintiff's receipt of Acknowledgment Letters One and Two, Plaintiff placed numerous phone calls to the CMS personnel identified as being responsible for processing Request One and Request Two in order to receive an update and/or estimated timeframe for receiving responsive records from CMS, specifically including calls placed on November 14, 2012, and January 30, 2013.  CMS personnel did not provide any additional information about the status of either Request One or Request Two.

23.     CMS has failed to provide any substantive response to either Request One or Request Two.  CMS has also failed to identify or withhold any responsive records to either request.

24.     CMS's failure to comply with FOIA's mandatory deadlines constituted an exhaustion of Plaintiff's administrative remedies.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

25.     CMS's failure to provide any substantive response to Plaintiff's FOIA requests constitutes "constructive" denial under 45 C.F.R. § 5.35(a).

26.     On or around February 21, 2013, Plaintiff filed with CMS's deputy administrator by a single letter dated February 21, 2013, administrative appeals of CMS's constructive denials of Request One and Request Two ("Appeal Letter," attached hereto as **Exhibit E**).  In the Appeal Letter, Plaintiff reserved its right to pursue its remedies in Federal district court without first filing an administrative appeal but that "because it is [Plaintiff's] wish to receive and review the sought-after records rather than to initiate litigation unless absolutely necessary, [Plaintiff is] choosing to file this administrative appeal instead."  Ex. E at 2.

27.     On or around March 5, 2013, Plaintiff received two letters, each dated February 27, 2013, from CMS, acknowledging receipt of Plaintiff's administrative appeal as to Request One and Request Two ("Appeal Acknowledgment One" and "Appeal Acknowledgment Two," attached hereto as **Exhibits F and G**, respectively).

28.     CMS's deadline for determining Plaintiff's appeals expired on or around March 26, 2013.

29.     Plaintiff has not received any further communication from CMS concerning Requests One or Two, or Plaintiff's appeal thereof.

30.     On April 11, 2013, Plaintiff sent an email to CMS's Freedom of Information Director expressing its concern about CMS's lack of response and stating again that Plaintiff preferred receiving responsive records from CMS without pursuing legal action over filing an action in Federal court (attached hereto as **Exhibit H**).

31.     Immediately after Plaintiff's April 11, 2013 email, Plaintiff received an automated "out of office" reply email from the CMS Freedom of Information Director's email account, establishing that Plaintiff's email had been successfully delivered (attached hereto as **Exhibit I**).

32.     Plaintiff has received no further correspondence from CMS concerning Request One, Request Two, Plaintiff's administrative appeal, or any attempt by Plaintiff to communicate with CMS concerning the same.

## PLAINTIFF'S CLAIMS FOR RELIEF

1.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as if fully set forth herein.

2.     Defendant CMS has unlawfully ignored Plaintiff's FOIA requests and is unlawfully withholding public information responsive thereto.

3.     Defendant has not identified the records it withholds in further violation of FOIA.

4.     Defendant has failed to comply with FOIA by not establishing the applicability of any FOIA exemption or other legal basis for withholding responsive records.

5.     Defendant has further violated FOIA by failing to perform an adequate search for records responsive to Request One or Request Two.

6.     Defendant has failed to provide reasonably segregable portions of documents in further violation of FOIA.

7.     Defendant has failed to respond to Plaintiff's appeal within its mandatory deadline.

8.     Defendant is prohibited from assessing search fees associated with the Request by virtue of its failure to comply with its mandatory deadline for responding to Plaintiff's appeal.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

1.     Order Defendant to immediately perform a thorough search for records responsive to Request One.

2.     Order Defendant to immediately perform a thorough search for records responsive to Request Two.

3.     Order Defendant to produce to Plaintiff all records responsive to Request One.

4.     Order Defendant to produce to Plaintiff all records responsive to Request Two.

5.     To the extent Defendant determines one or more responsive records contain information that is exempt from disclosure under FOIA, order Defendant to provide to Plaintiff an index describing in detail any records or portions thereof being withheld, along with the specific basis for withholding associated with each such record or portion thereof.

6.     Order Defendant to waive all search, review, reproduction and any other related fees and costs associated with its response to Request One and/or Request Two.

7.     Award to Plaintiff attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

8.     Award any further relief the Court deems just and proper.

Dated January 8, 2014

Respectfully submitted,

/s/ M. Talmadge Simpson
M. Talmadge Simpson
Alabama Bar No. ASB5486H68S
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201
E-mail: tsimpson@balch.com
Phone: (205) 226-3453
Facsimile: (205) 488-5925

*Counsel for Plaintiff*

## <u>LIST OF EXHIBITS</u>

A.    Freedom of Information Act Request One (Oct. 2, 2012)

B.    Freedom of Information Act Request Two (Oct. 2, 2012)

C.    Acknowledgement Letter One (Oct. 11, 2012)

D.    Acknowledgment Letter Two (Oct. 11, 2012)

E.    Freedom of Information Act Appeal Letter (Feb. 21, 2013)

F.    Appeal Acknowledgement One (Feb. 27, 2013)

G.    Appeal Acknowledgment Two (Feb. 27, 2013)

H.    Email to Michael Marquis, DHHS FOIA Director (Apr. 11, 2013)

I.    Out-of-Office Reply (Apr. 11, 2013)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th of January, 2014, I served by certified United States Postal Service mail a true and correct copy of the foregoing Complaint to the following:

Centers for Medicare & Medicaid Services
c/o Joyce Vance, United States Attorney
Office of the U.S. Attorney, N.D. Alabama
1801 4th Avenue North
Birmingham, Alabama 35203

Centers for Medicare & Medicaid Services
c/o Eric Holder, Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

/s/ M. Talmadge Simpson
M. Talmadge Simpson

*Counsel for Plaintiff*