IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BALCH & BINGHAM LLP           ) | |
| )                               | |
| Plaintiff,                    ) | |
| )                               | |
| v.                            ) | Civil Action No. 2:14-CV-28-WMA |
| )                               | |
| CENTERS FOR MEDICARE AND      ) | |
| MEDICAID SERVICES,            ) | |
| )                               | |
| Defendant.                    ) | |

**PLAINTIFF'S REPORT IN RESPONSE TO
THE COURT'S JUNE 10, 2014 ORDER**

Pursuant to the Court's June 10, 2014 order, Plaintiff Balch & Bingham LLP hereby files this report to advise the Court as to (1) the status of the releases by Defendant Centers for Medicare and Medicaid Services ("CMS" or the "agency") of documents in response to Plaintiff's Freedom of Information Act ("FOIA") requests; and (2) whether the stay entered on April 7, 2014, remains appropriate.  On April 7, 2014, the Court ordered that this case be stayed for the purpose of allowing CMS time to administratively complete its response to Plaintiff's FOIA requests.  Doc. 14.  After considering CMS's motion for stay with its proposed document release schedule and Plaintiff's alternative proposed document release schedule, the Court ordered that CMS was to release additional documents responsive to Plaintiff's FOIA requests by May 2, 2014, and, if necessary, release any remaining responsive documents on or before May 30, 2014.  As set forth in more detail below, Plaintiff believes the stay is no longer necessary and should be lifted.

**Status of Releases.**  As explained by counsel for CMS, the agency did not meet its May 2, 2014 deadline, as CMS did not place responsive documents in the mail until May 7, 2014.  *See*

Doc. 15.  Those documents were delivered to Plaintiff's counsel the next day, May 8, 2014.  In its May 8 production, CMS explained by cover letter that it was providing "a second interim response" and was "continuing to review the responsive records located during CMS' search," but "anticipate[d] that [it would] complete the review of those records by May 30, 2014." *See* Letter from Olen D. Clybourn, CMS, to Michael Talmadge Simpson, Balch & Bingham LLP (May 2, 2014) (attached hereto as Exhibit 1).  Enclosed was a compact disc containing approximately 276 pages of documents, many of which were redacted.  As summarized in the May 2 cover letter, CMS:

- Released 176 pages of documents in full;

- Released 89 pages of documents with redactions pursuant to Exemptions 4, 5, and/or 6 of FOIA, 5 U.S.C. §§ 552(b)(4)-(6); and

- Withheld 110 pages in full pursuant to Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5).

*See* Ex. 1 at 2.

On Friday, May 30, 2014, at 9:52 pm Eastern Standard Time / 8:52 pm Central Daylight Time, Plaintiff's counsel received an electronic mail from Ms. Deborah Peters of CMS attaching a four-page document described as "CMS' final response to [the] two FOIA requests[.]" *See* Exhibit 2.  However, the four-page document was merely the agency's cover letter, and no responsive documents were included in the May 30 e-mail delivery.  In its May 30 letter, CMS stated that it "provides [CMS'] third and final response" to Plaintiff's FOIA requests.  *See* Letter from Olen D. Clybourn, CMS, to Michael Talmadge Simpson, Balch & Bingham LLP (May 30, 2014) (attached hereto as Exhibit 3).  The following Tuesday, June 3, 2014, Plaintiff's counsel received by mail a package from CMS containing a copy of the May 30 cover letter and a compact disc containing approximately 2,226 pages of documents, many of which were

essentially blank due to the agency's withholdings, and many more of which were partially redacted.  As summarized in the May 30 cover letter, CMS:

- Released in full 883 pages of documents;

- Released 364 pages of documents with redactions pursuant to Exemptions 4, 5, and 6 of FOIA, 5 U.S.C. § 552(b)(4)-(6); and

- Withheld 957 pages in full (by leaving them blank) pursuant to Exemptions 4 and 5 of FOIA, 5 U.S.C. § 552(b)(4),(5).

*See* Ex. 3 at 2.

**Appropriateness of the Stay.**  Lifting the stay would be appropriate.  Defendant sought, and the Court granted, a stay of this case in order "to permit Defendant to finish processing Plaintiff's two [FOIA] requests."  Doc. 10 at 1.  With its May 30 letter and June 3 production, CMS has now finished processing the two FOIA requests at issue.  Thus, per the terms of CMS's motion for stay, and implicit in the Court's order, the purpose for which the stay was entered has been fulfilled, and maintaining the stay would no longer be appropriate.  Moreover, as summarized above, Defendant has withheld approximately 1,067 pages in full and has redacted approximately 461 pages of documents, asserting that the withheld pages and redacted portions of pages qualify for one or more of FOIA's exemptions and are not subject to release.  As set forth in the FOIA and clearly established in FOIA litigation, the agency has the burden to justify any assertions that responsive documents or information qualifies for an exemption and is not subject to release.  *See* 5 U.S.C. § 552(a)(4)(B); *see also*, *e.g.*, *Natural Res. Def. Council v. NRC*, 216 F.3d 1180, 1190 (D.C. Cir. 2000) ("FOIA itself places the burden on the agency to sustain the lawfulness of specific withholdings in litigation").  At this stage, CMS has merely made such assertions but has not yet established that the cited exemptions in fact apply.  Therefore, issues

regarding the correctness of CMS's FOIA determinations applicable to more than 1,500 pages of information are now ripe for the parties to address. Accordingly, Plaintiff respectfully requests that the Court order that the stay in this case be lifted.

                                        Respectfully submitted,

                                        /s/ M. Talmadge Simpson
                                        Counsel for Plaintiff

Dated: June 13, 2014

COUNSEL FOR PLAINTIFF:

**Richard E. Glaze, Jr.**
Balch & Bingham LLP
30 Ivan Allen, Jr., Blvd. NW, Ste. 700
Atlanta, Georgia 30308
Tel: (404) 962-3566
Email: rglaze@balch.com

**M. Talmadge Simpson**
Balch & Bingham LLP
1901 Sixth Avenue North, Ste. 1500
Birmingham, Alabama 35203
Tel: (205) 226-3453
Email: tsimpson@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of the filing to Defendant's counsel of record, Mr. Edward Q. Ragland, Assistant United States Attorney for the Northern District of Alabama.

/s/ M. Talmadge Simpson
Counsel for Plaintiff