IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BALCH & BINGHAM, LLP, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 2:14-CV-28-WMA |
| | } | |
| UNITED STATES DEPARTMENT OF | } | |
| HEALTH AND HUMAN SERVICES, | } | |
| | } | |
| Defendant. | } | |

**MEMORANDUM OPINION**

Before the court is a motion for summary judgment filed by defendant United States Department of Health and Human Services ("HHS"). (Doc. 25). Pursuant to the court's February 6, 2015 order, plaintiff Balch & Bingham, LLP ("Balch") was given until February 27, 2015 to respond. (Doc. 26). No response having been received by the court, the motion automatically came under submission on February 28, 2015.

The case involves various documentary requests by Balch under the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. "Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified." *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993). Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Bank of Brewton v. Travelers Companies, Inc.*, 777 F.3d 1339, 1342 (11th Cir. 2015)

1

(quoting F. R. Civ. P. 56(a)). Yet, where a party fails to respond to a motion for summary judgment, "the court may . . . consider the fact[s] undisputed for purposes of the motion . . [or] grant summary judgment if the motion and supporting materials show that the movant is entitled to it." F. R. Civ. P. 56(e). For the reasons stated below, defendant's motion for summary judgment will be granted.

I. **Mootness**

Before addressing the substance of HHS's motion, the court first addresses a threshold jurisdictional issue raised by HHS as an alternative ground for dismissal. (Doc. 25 at 14-17). "A district court has jurisdiction over a complaint brought under [] FOIA 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant' .. . [whereby] [j]urisdiction under this statute is based upon the plaintiff's showing that an agency has improperly withheld agency records." *Brown v. U.S. Dep't of Justice*, 169 F. App'x 537, 540 (11th Cir. 2006) (quoting 5 U.S.C. § 552(a)(4)(B)).

HHS argues its May 30, 2014 tendering of all non-exempt records effectively moots Balch's claim for injunctive relief under FOIA. Even though Balch did not file a response, in its June 13, 2014 status report (Doc. 17) responding to court's June 10, 2014 order (Doc. 16), Balch maintained that despite HHS's

disclosure, HHS still under cited FOIA exemptions "withheld approximately 1,067 pages in full and [] redacted approximately 461 pages of documents." (Doc. 17 at 3). Balch further explained that HHS "merely made such assertions but has not yet established that the cited exemptions in fact apply . . . [leaving the] correctness of [HHS's] FOIA determinations applicable to [the] more than 1,500 pages of information [] now ripe for the parties to address." (Doc. 17 at 3-4). In its motion for summary judgment, HHS establishes the basis for its assertion of certain exemptions under FOIA. (Doc. 25 at 12-14). While Balch has filed no response to the motion, a live case and controversy persists as to the appropriateness of the asserted exemptions by HHS. See *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). Therefore, the issue is not moot and the court has jurisdiction over the matter to address the merits of HHS's motion for summary judgment.

## II.  HHS's Compliance Under FOIA

To prevail on a motion for summary judgment under FOIA, an agency "must establish (1) that it conducted a search reasonably calculated to uncover all relevant documents . . . and (2) that [withheld or redacted documents] . . . fall under an exemption to [] FOIA, which excuses the [agency] from producing them to [p]laintiff." *Karantsalis v. U.S. Dep't of Justice*, 635 F.3d 497, 500 (11th Cir. 2011). In this case while Balch failed to respond

to the motion and dispute any material facts, on summary judgment HHS still bears the burden of proving that it conducted a sufficient search and that it properly invoked any FOIA exemptions when it decided to withhold information. *Miccosukee Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1258 (11th Cir. 2008).

### a. Sufficient search under FOIA

"An affidavit from a government official concerning a government agency's search in response to a FOIA request is sufficient evidence to establish that the search was "reasonably calculated to uncover all relevant documents" provided that the affidavit is "relatively detailed, non-conclusory, and submitted in good faith." *Karantsalis v. U.S. Dep't of Justice*, 635 F.3d 497, 500 (11th Cir. 2011) (quoting *Ray v. U.S. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir. 1990)).  Here, HHS provides two affidavits from HHS officials detailing the search scope and procedures used in response to Balch's FOIA request. (Doc. 25-3 and 25-10).  HHS made an initial disclosure in March 2014 with second and third disclosures in May 2014 as additional records were located. (Doc 25-10 at 8-9).  Upon review of the evidence and in the absence of any objection by Balch, as a matter of law the search conducted by HHS was reasonably calculated to uncover all relevant documents. *Ray*, 908 F.2d at 1558.

### b. Exemptions under FOIA

"FOIA's central purpose is to ensure that the Government's activities be opened to the sharp eye of public scrutiny, not that information about private citizens that happens to be in the warehouse of the Government be so disclosed." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 774 (1989).  "Congress exempted nine categories of documents from [] FOIA's broad disclosure requirements." *Id*. at 755 (citing 5 U.S.C. § 552(a)-(b)).  "Because FOIA's purpose is to encourage disclosure, its exemptions are to be narrowly construed [and] [t]he government bears the burden of proving that a requested document is exempted." *Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1276-77 (11th Cir. 2004).  To withhold under a FOIA exemption, an agency can meet its burden to provide an adequate factual basis for non-disclosure "through affidavits, a Vaughn Index, *in camera* review, or through a combination of these methods." *Miccosukee Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1258 (11th Cir. 2008); see *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

HHS has provided to Balch and to the court both affidavits (Doc. 25-3 and 25-10) and a Vaughn Index (Doc. 25-14), which identifies the applicable exemptions, grounds for withholding, and materials withheld.  In its first disclosure, HHS released 240 pages with minor redactions of personal information on 8 pages. (Doc. 25-10 at 8).  In its second disclosure, HHS released

an additional 176 pages in full, 89 pages with redactions, and 110 pages with full redaction. (Doc. 25-10 at 8-9). In its third disclosure, HHS released 883 pages in full, 364 pages with redactions, and 979 pages withheld in full. (Doc,. 25-10 at 9). For those materials redacted or withheld, HHS relied on FOIA exemptions four, five, and six. (Doc. 25 at 12-13). Under exemption four, which protects "trade secrets and commercial or financial information obtained from a person and privileged or confidential," 5 U.S.C. § 552(b)(4), HHS redacted the internal guidelines of a Medicare Part D sponsor and other information voluntarily provided by outside organizations. (Doc. 25; Doc. 25-3; Doc. 25-10; Doc. 25-13). Under exemption five, which includes "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," 5 U.S.C. § 552(b)(5), HHS redacted various draft agency documents, internal discussions, staff deliberations, and agency general counsel legal advice. (Doc. 25; Doc. 25-3; Doc. 25-10; Doc. 25-13). Finally, under exemption six, which extends to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), HHS withheld certain personal information pertaining to named individuals. (Doc. 25; Doc. 25-3; Doc. 25-10; Doc. 25-13). While the affidavits (Doc. 25-3 and Doc. 25-10) provide a general basis

for non-disclosure under these exemptions, the Vaughn Index (Doc. 25-13) provides the particular basis for each withheld or redacted document.  Given the affidavits and Vaughn Index provided by HHS, and the absence of any objection by Balch, HHS states an adequate factual basis for withholding the listed information.

Therefore, summary judgment in favor of HHS is appropriate because HHS conducted a reasonably sufficient search and provides an adequate basis for its non-disclosure under various FOIA exemptions.

## CONCLUSION

For the reasons detailed above, the court will by separate order **grant** defendant's motion for summary judgment.


DONE this 19th day of March, 2015.


_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE